```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION

REKAL COMPANY, INC.,              *

     Plaintiff,                   *

vs.                               *       CASE NO. 3:13-CV-59 (CDL)

PGT INDUSTRIES, INC. and JLL      *
PARTNERS, INC.,
                                  *
     Defendants.
                                  *
```

O R D E R

Plaintiff filed a motion for a temporary restraining order. Defendants were notified of the motion, and the parties appeared at a hearing held by the Court on May 31, 2013. Defendants argue that preliminary injunctive relief is not appropriate because Plaintiff has failed to show a substantial likelihood that it will prevail on the merits. Defendants also point out that venue is not proper in the Middle District of Georgia based on a forum selection clause in the parties' agreement from which this action arises. The Court therefore first addresses whether this District is the appropriate venue for this action.

The parties' agreement provides as follows:

> The parties acknowledge and agree that the appropriate courts sitting in the State of Florida, shall have sole and exclusive authority to hear and adjudicate any dispute arising out of or related to the Agreement.

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels, Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam). To establish that enforcement of a forum selection clause would be unfair or unreasonable, the plaintiff must show: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.* Plaintiff has failed to make the "strong showing" that the enforcement of the forum selection clause here would be unfair or unreasonable. The contract that includes the forum selection clause is a commercial agreement between two business entities. No evidence has been presented that the formation of the agreement was induced by fraud or overreaching. Likewise, no argument has been made that the federal court in Florida will apply law any different than the law that would be applied in this forum. Plaintiff simply argues that due to the inconvenience and alleged misconduct by the Defendant that gives rise to the claims in this action, it would be unfair to require Plaintiff to litigate in Florida. Yet Plaintiff knew when it entered into the agreement that Defendant had its principal

place of business in Florida and that it manufactured the products that are the subject of the contract in Florida. And it knew that any dispute would be litigated in Florida. Furthermore, Plaintiff is not being forced to litigate its claims in some distant locale. While it would be more convenient for Plaintiff to litigate this action in its own back yard, requiring Plaintiff to honor its agreement to litigate this action in the chosen forum of Florida is not so inconvenient or unfair to deprive Plaintiff of its day in court. Plaintiff has failed to rebut the presumptive validity of the forum selection clause. Accordingly, venue is not proper in this District. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division. The Clerk is directed to transfer this action to that district and division.[1]

IT IS SO ORDERED, this 31st day of May, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The Court is sensitive to the fact that Plaintiff seeks immediate injunctive relief; and if the Court were convinced that Plaintiff was entitled to such relief, the Court would be inclined to grant that relief before transferring venue. But the Court is not so convinced and consequently finds it appropriate not to delay transfer of this action to the venue where the parties agreed such a dispute would be litigated.